# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA SCHNEIDER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 6:13-cv-03427-SRB |
| | ) | |
| CITY OF BOLIVAR, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER

Before this Court is Defendant City of Bolivar's motion to reconsider the Court's order denying it summary judgment (Doc. #60). For the reasons below, the motion is DENIED.

### I.  Background[1]

Plaintiffs all worked for Defendant. In 2012, Mayor John Best concluded that Defendant was nearing a financial crisis. (Doc. 44-1 at 38). Defendant began considering a reduction in force ("RIF") to balance its budget. (Id. at 37-38). During RIF planning meetings, Best and the city clerk, Kimberly Strader, made comments that older employees were costing Defendant too much in wages and benefits. For example, Plaintiff Sarita Cain, former zoning administrator and community development director, stated that at a staff meeting on or about January 19, 2012, "Mayor Best went on to say those employees between the ages of 55 and 60 needed to start thinking of early retirement. . . . Mayor Best told those assembled that if they had any employees who worked under them between the ages of 55 and 60, to encourage them to retire as well."

---

[1] The parties vigorously contest which facts are relevant and what inferences from those facts are reasonable. This section omits facts properly controverted by Plaintiffs, facts that are immaterial to the resolution of the pending motion, facts that are not properly supported by admissible evidence, legal conclusions, and argument presented as fact. See Fed. R. Civ. P. 56(c); L.R. 56.1(a). Although a jury could make completely opposite inferences from these facts, the Court must here state the facts in the light most favorable to Plaintiffs as the nonmoving parties. See Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

(Doc. #55-1, ¶12). Best looked directly at Plaintiff Bill Ethridge when he made one of these comments. (Doc. #55-13 at 17-18).

Best and Strader threatened to demote Plaintiff Kermit Hargis unless he agreed to take on extra job duties. (Doc. #55-7, ¶¶6-7). Strader also encouraged Hargis to take early retirement. (Id., ¶8). When Hargis demurred, Strader reassured him that he could find other work, saying, "Employers like to hire senior citizens." (Id.). Hargis heard his name was on a list of employees whose jobs were going to be cut. (Id., ¶10). He finally resigned rather than face termination. (Id.). About ten days later, under its RIF plan Defendant terminated or restructured the employment of several employees, including six Plaintiffs: Norman Acker, Sarita Cain, Roy Hunt, Theresa Hunt, Rod Parks, and Patricia Schneider. (Doc. 44-2, ¶¶38, 42, 47, 57, 66, 79). Defendant demoted Plaintiff Rick Shuler and cut his salary. (Id., ¶29).

After the mass layoffs, City Administrator Darin Chappell warned Ethridge of further job restructuring: "there could be demotions, people put in places where they don't want to be put." (Doc. #55-13 at 25). Ethridge resigned shortly thereafter. (Doc. #44-6 at 29).

Plaintiffs sued Defendant, alleging that Defendant's actions violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. Defendant moved for summary judgment on all claims, which the Court denied.

## I. Legal Standard

Defendant now asks the Court to reconsider its order denying summary judgment. A party is entitled to summary judgment on a claim if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine dispute over a material fact is one "such that a reasonable jury could return a

verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court views the facts in the light most favorable to the nonmoving parties and draws all reasonable inferences in their favor. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

## II. Discussion

The Court previously denied Defendant summary judgment because Best's and Strader's comments were direct evidence that Defendant had discharged Plaintiffs on the basis of age. Defendant argues that holding was overinclusive and should not have applied to the three Plaintiffs who resigned or were demoted, but not actually discharged: Shuler, Ethridge, and Hargis.

ADEA prohibits an employer from discriminating against its employees on the basis of age. 29 U.S.C. § 623(a)(1). Discrimination under the ADEA can take many forms, including demotion or constructive discharge. Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009); Pa. State Police v. Suders, 542 U.S. 129, 143 (2004). Constructive discharge arises when "working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign." Suders, 542 U.S. at 141.

To prove any theory of ADEA liability, a plaintiff must establish that his or her age was the "but-for" cause of the employer's adverse decision. Hilde v. City of Eveleth, 777 F.3d 998, 1003 (8th Cir. 2015). The plaintiff must do so by producing either: (1) direct evidence of discriminatory motive; or (2) evidence creating an inference of discrimination under the McDonnell Douglas burden-shifting framework. Id.; cf. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Evidence is "direct evidence" if it shows "a specific link between a

3

discriminatory bias and the adverse employment action, sufficient to support a finding by a reasonable fact-finder that the bias motivated" the action. Torgerson, 643 F.3d at 1044-46.

A reasonable jury could conclude, based on the evidence above, that Defendant demoted or constructively discharged Shuler, Ethridge, and Hargis solely because of their age. Best and Strader expressed, in a variety of contexts, a discriminatory bias: the belief that older employees were obstacles to balancing the budget. Then, Defendant took two adverse employment actions. First, it demoted Shuler and cut his salary. See Gross, 557 U.S. 167. Second, Defendant created intolerable working conditions for Ethridge and Hargis through Best's and Strader's numerous ageist comments and through Chappell's warning that further demotions or layoffs were imminent. See Suders, 542 U.S. at 141. Defendant could have done so in order to force Ethridge's and Hargis's resignations, thereby constructively discharging them. See id.

These comments are also the "direct evidence" of age discrimination, because they "specific[ally] link" Defendant's desire to get rid of older employers to the adverse employment actions it took against Plaintiffs shortly thereafter. See Torgerson, 643 F.3d at 1044-46; Beshears v. Asbill, 930 F.2d 1348, 1354 (8th Cir. 1991) (noting statements by decisionmakers can constitute direct evidence). Defendant argues that there is no such link, because Best and Strader spoke at RIF meetings, yet Shuler, Ethridge, and Hargis were not discharged as part of the RIF. However, a reasonable jury could conclude that these comments reflected Defendant's attitude and goals concerning older employees in general, not just those being discharged in the RIF. Further, Best and Strader did make some allegedly biased comments to Hargis and directed at Ethridge.

Therefore, just as with the discharged employees, Best's and Strader's comments demonstrate "direct evidence" that Shuler's, Ethridge's, and Hargis's ages were the "but-for"

4

cause of Defendant's adverse decisions.  See Hilde, 777 F.3d at 1003.[2]  Faced with this genuine dispute of material facts, the Court again denies summary judgment to Defendant.  See Fed. R. Civ. P. 56(a), 54(b).

### III. Conclusion

Accordingly, it is hereby

**ORDERED** that the motion to reconsider, Doc. #60, is DENIED.

    /s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Date: September 1, 2015
Kansas City, Missouri

---

[2] Because Plaintiffs' direct evidence bypasses McDonnell Douglas burden-shifting, the Court need not consider Defendant's argument that Plaintiffs have failed to make out a prima facie case.  See Bashara v. Black Hills Corp., 26 F.3d 820, 823 (8th Cir. 1994) ("[W]hen direct evidence of discrimination exists, the plaintiff need not establish a prima facie case . . . .").